IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEREMY DIDIER, | ) |
| Plaintiff, | ) ) ) Case No.: 13-cv-2046 JWL/JPO |
| vs. | ) ) |
| ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., ABBOTT PRODUCTS, INC. and ABBVIE, INC. | ) ) ) ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

Defendants Abbott Laboratories, Abbott Laboratories Inc., Abbott Products, Inc. and AbbVie Inc. ("Defendants") and Plaintiff Jeremy Didier ("Plaintiff") (collectively, "the parties") agree that discovery in this matter should be conducted pursuant to a protective order to protect confidential, proprietary and/or trade secret business information, and/or confidential financial and personnel or client-specific information. This is a single-plaintiff employment matter in which the plaintiff has alleged Title VII sex/gender discrimination, religious discrimination, retaliation, and FMLA interference and retaliation. Plaintiff's employment was terminated after an investigation concluded that Plaintiff violated the Code of Conduct due to her expense reporting practices. In Plaintiff's R26(a)(1) Initial Disclosures, Plaintiff has indicated that discovery is needed on, among other things, specific expense reports belonging to Plaintiff and to other District Managers employed by AbbVie Inc.; performance reviews of other District Managers employed by AbbVie Inc., the investigation into Plaintiff's expense reporting practices; and documents regarding Plaintiff's intermittent FMLA leave. The confidential, proprietary, and/or trade secret business

information, including business practices; internal policies; Plaintiff's medical leave records; compensation records; financial records; personnel records, including performance reviews; and other confidential and sensitive information about current and former employees are subject to protection for good cause.  Further the financial and/or personnel records of the current and former employees and the financial records of Defendants constitute sensitive and confidential information subject to protection for good cause pursuant to Fed. R. Civ. P. 26(c) (2).

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure that protection is afforded only to such deemed material, upon the joint stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED:

1. **Confidential Information.**  Plaintiff and Defendants agree that certain documents and information, if produced or disclosed in this litigation, should be treated as confidential.  As used in this Order the term "CONFIDENTIAL INFORMATION" shall be applicable to:

(a) Proprietary information constituting Defendant's trade secrets and know-how;

(b) Proprietary information belonging to Defendants, such as internal codes, policies, and procedures that are not available to the public and information disclosing Defendants' internal operations that is not available to its competitors;

(c) Defendants' financial information including net worth and tax records;

(d) Any customer, licensee, supplier and vendor information; pricing, cost and other financial or marketing information; information relating to the processes, apparatus or analytical techniques to be used by a party for its proposed commercial production of products; and any other information as agreed to by the parties that a party believes in good faith could be used by a competitor to harm its business;

(e) Communications made in confidence between employees of Defendants and the Human Resources Department or Office of Ethics and Compliance, or related employees;

(f) Medical or health-related information; compensation information; personnel information including disciplinary actions and performance ratings; and personal identifying information, including but not limited to the home addresses, telephone numbers, financial account numbers, and social security numbers of past or present employees of Defendants; and

(g) Financial, compensation, employment, benefits, and tax documents, including paystubs, and medical or health-related information belonging to Plaintiff or Plaintiff's dependents.

All of the foregoing information, as well as documents, designated portions of deposition testimony, and responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described CONFIDENTIAL INFORMATION may be designated as Confidential.

2. **<u>Designating Documents and Information as Confidential.</u>** Any party to this action may designate as "Confidential Information" documents and responses to interrogatories, requests for admissions, or requests for production of documents produced

after entry of this Order by stamping or labeling the documents or responses with the word "Confidential." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated, pursuant to paragraph 6 herein. Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information. For purposes of this Protective Order, the term "document" shall include all discovery materials, such as interrogatories, requests for admission, document requests, responses to the foregoing, affidavits, or other materials produced or provided in discovery. Documents and other discovery materials designated CONFIDENTIAL, as well as all materials which quote from or are based upon such material (including, but not limited to briefs) shall be subject to the provisions of this Order.

3. **<u>Designating Deposition Testimony as Confidential.</u>** Any party to and deponent in this action may designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising counsel of record by letter or e-mail within fourteen days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of fourteen days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition

testimony as confidential by advising all persons present at the deposition that the information is confidential and subject to this Order.  If no party or deponent timely designates Confidential Information in a deposition or via letter or e-mail after receiving a transcript, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential.  There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

4. **Limited Disclosure of Confidential Information**.  All documents, testimony and other materials, or portions thereof, designated as CONFIDENTIAL under this Protective Order and the contents of all such materials, as well as any duplicates, notes, memoranda and other documents referring in whole or in part to such CONFIDENTIAL INFORMATION, shall be maintained in the strictest confidence by any counsel or parties receiving the same.  Such information shall not be disclosed to any person for any purpose other than for the purpose of pursuing this litigation.  Access to CONFIDENTIAL INFORMATION shall be restricted to the following people:

a. Parties (and any of their directors, officers, employees or agents who are either required to or requested by counsel to work directly on this litigation) and counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, and employees or agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

b. Persons who are expressly retained by counsel to assist in the preparation of this litigation for trial, such as independent accountants, statisticians, or

economists or other experts, and the staff working under the direct supervision of such person retained to assist in the preparation of this litigation for trial;

    c.    Persons with prior knowledge of the documents or the Confidential Information contained therein, including but not limited to employees and former employees of Defendants;

    d.    Witnesses whose depositions are being taken or who are being questioned at trial (or in deposition or trial preparation sessions with counsel for one or more party in which any of the aforementioned witnesses participate, as long as the disclosure occurs in the presence of counsel, or at counsel's offices and no copies, duplicates, images, or the like are removed or retained by any witness);

    e.    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    f.    Jurors and alternate jurors empanelled for the trial of this case;

    g.    Any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this litigation, any jury or trial consulting services, or any vendor providing document management or other litigation support services;

    h.    Any independent document reproduction services or document recording and retrieval services; and

    i.    Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order.

5. **Certification to Abide By Protective Order.** Before disclosing Confidential Information to those persons specified in paragraphs 4(b), 4(g), and 4(h) hereof, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing a copy of the certification attached hereto as Exhibit A. Upon the request of a party, the party disclosing the Confidential Information to a person specified in paragraphs 4(b), and 4(g), above shall provide copies of all such signed certifications received up to that date. With respect to those persons specified in paragraph 4(d) (who do not fall into the other subsections of paragraph 4), Confidential Information may be disclosed by the non-designating party only during the course of a deposition or at trial, or at a witness preparation meeting with counsel of record for one of the parties prior to the witness's testimony at his/her deposition or at trial. Before disclosing Confidential Information to those person specified in paragraph 4(d) (who do not fall into the other subsections of paragraph 4), counsel for the non-designating party shall provide the witness with a copy of this Order, and the witness may agree to abide by and sign such copy of the certification attached hereto as Exhibit A, but if the witness refuses, the parties acknowledge that counsel may use the Confidential Information with the witness at the witness preparation meeting with counsel of record, at the witnesses' deposition or at trial, pursuant to the restrictions set forth in paragraph 4(d) above. If the witness refuses to sign the certification attached hereto as Exhibit A, counsel must provide written notification of such refusal to counsel of the opposing party within 10 days of receiving the refusal.

6. **Disputes Concerning Designation(s) of Confidential Information.** The designation of any material or document as Confidential Information is subject to

challenge by any party. In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of (or failure to designate) Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

7. **Filing Under Seal.** In the event a party believes it necessary to include Confidential Information in a filing or exhibit to a filing with the Court, the party including such Confidential Information must first file a motion and be granted leave to file that filing

or exhibit under seal, in conformance with the Court's administrative procedures for electronically filing documents under seal in civil cases. In the event that the CONFIDENTIAL INFORMATION is not relevant to the subject matter at issue in the submission, then it can be redacted from the filing.

8. **<u>Inadvertent Failure to Designate</u>**. Notwithstanding the other provisions of this Order, any party who discloses information to any other party during the course of discovery in the above-styled lawsuit without designating such disclosed information as CONFIDENTIAL may subsequently elect to treat such disclosed information as such upon a determination that such information is, in fact, confidential. An inadvertent failure to designate a document or deposition transcript as Confidential Information does not, standing alone, waive the right to so designate the document. The disclosing party shall notify the receiving party or parties in writing of the disclosing party's election to so treat the disclosed information, whereupon the receiving party or parties shall rank or stamp the newly designated CONFIDENTIAL INFORMATION with the words CONFIDENTIAL or request the disclosing party to furnish to the receiving party or parties a substitute set of such materials bearing an appropriate legend. Information newly designated pursuant to this paragraph shall be subject to the full force and effect of this Order with respect to future disclosure by the receiving party; provided, however, that the receiving party or parties shall under no circumstances be liable or accountable for any disclosure of the newly designated information to any person during the interval between the time the new designation was first provided to the receiving party and the time at which the disclosing party so subsequently designates the information, nor shall the receiving party or parties be required to retrieve any information distributed prior to such designation.

9. **Use of Confidential Information**. Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document or during discovery to the discoverability of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents. All information designated as CONFIDENTIAL under this Protective Order shall be used only for purposes of this litigation, and not for purposes of any other litigation or for any other technical, commercial or business advantage.

10. **Publicly Disclosed Information.** Nothing herein shall be regarded as precluding use of information in a document designated CONFIDENTIAL under this Protective Order which: is public at the time of disclosure of thereafter becomes public (unless made public by the party receiving such information); or is or has been lawfully acquired by the receiving party from a source other than from the testimony, documents or other material designated CONFIDENTIAL under this Protective Order. In any dispute regarding whether information from a confidential document has fallen into the domain, the burden of proving confidentiality shall fall on the party who claims that the information has fallen into the public domain.

11. **Third Party Documents.** Third parties producing documents, testimony or other materials during the course of this action may designate the same as CONFIDENTIAL INFORMATION under this Protective Order in the same manner as if produced by a party and designated hereunder.

12. **Clawback of Protected Information Inadvertently Produced.** Pursuant to Federal Rule of Evidence 502, if materials protected from disclosure by the attorney-client privilege, work product or any other privilege are inadvertently disclosed or unintentionally produced, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled. If a claim of inadvertent disclosure or unintentional production is made pursuant to this paragraph by the disclosing party with respect to such material then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production and / or unintentional production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure or unintentional production.

13. **Maintaining Confidentiality.** Neither the termination of this action nor the termination of employment of any person who had access to any CONFIDENTIAL INFORMATION shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order. In the event that any person or party subject to this order having possession, custody or control of any CONFIDENTIAL INFORMATION of any opposing party receives from a non-party a

subpoena or other process to produce such information, such person or party shall promptly notify by express mail the attorneys of record of the party claiming such confidential treatment of its CONFIDENTIAL INFORMATION sought by such subpoena or other process, and shall furnish such attorneys of record with a copy of said subpoena, process or order. The party whose CONFIDENTIAL INFORMATION is sought by the subpoena or other process shall have the responsibility, in its sole discretion and at its own cost, to move against the subpoena or other process, or otherwise to oppose entry of an order by a court of competent jurisdiction compelling production of the CONFIDENTIAL INFORMATION.

14. **Return of Confidential Information**. Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

a. Upon written request of the designating party, counsel of record for each party receiving Confidential Information (exclusive of any documents marked as "Confidential" that are in electronic form ("Electronically Stored Information")); shall, within sixty days, return to the designating party all such documents containing Confidential Information, or confirm in writing that all such documents have been destroyed, except that all materials constituting work product of such counsel may be maintained in such counsel's possession;

b. Upon written request of the designating party, all persons other than counsel who received any Confidential Information, shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall destroy the documents and things in

accordance with paragraph 14(a); but this provision shall not apply to court personnel or jury members;

    c.    With respect to Electronically Stored Information, the parties and their counsel shall make reasonable efforts to remove such Electronically Stored Information from their active systems, specifically, active email servers, active document management systems, and active litigation support databases. The parties and their counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recovery systems, or from any other source which is not reasonably accessible because of undue burden or cost.

    d.    Upon written request, counsel of record for each party shall confirm in writing that all Confidential Information, documents and things have been returned to the producing party or destroyed in accordance with the terms of paragraphs 14(a) and 14(b) above.

    15.    **Modification of this Order.** Nothing herein shall prevent any party from applying to the Court for a modification of this Protective Order; or from applying to the Court for further or additional protective orders; or from agreeing with the other parties to any modification of this Protective Order subject to the approval of the Court. In the event of any motion to modify this Protective Order, the receiving party shall make no disclosure of any CONFIDENTIAL INFORMATION which is the subject of such motion until the Court enters an order requiring such modification and all appeals from such order have been exhausted.

16. **No Admission**. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, material, transcript, or other information.

17. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED, this 26th day of April, 2013:


                                                       James P. O'Hara
                                                    U.S. Magistrate Judge James P. O'Hara

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEREMY DIDIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 13-cv-2046 JWL/JPO |
| vs. ) | |
| ) | |
| ABBOTT LABORATORIES, ABBOTT ) | |
| LABORATORIES, INC., ABBOTT ) | |
| PRODUCTS, INC. and ABBVIE, INC. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER

I hereby certify that I have read and am fully familiar with the provisions of the Protective Order entered on _____ in the above-captioned matter, hereinafter referred to as the "Protective Order."

As condition precedent to my review or handling of any of the documents or other materials containing CONFIDENTIAL INFORMATION produced pursuant to the Protective Order or my obtaining any such information contained in said documents or other materials, I hereby agree to observe and comply with all of the provisions of the Protective Order. I understand that the CONFIDENTIAL INFORMATION and my copies or notes relating thereto may only be disclosed to or discussed with those person permitted by the Protective Order to receive such information.

At the conclusion of my engagement in connection with this litigation, I will return all materials containing CONFIDENTIAL INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel of record for the party by whom 1 was retained.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this Certificate of Compliance is executed on the _____ day of_____, 20__ at [City or Town]_____, and [State]_____.

_____
[Signature]

_____
Occupation/Job Title

_____
Employer

_____
Employer's Address